[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10028
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-22405-JEM

LARRY E. HOGUE,

Plaintiff-Appellant,

versus

SECRETARY, US DEPARTMENT OF THE ARMY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 14, 2017)

Before MARCUS, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Larry E. Hogue appeals from the district court's grant of summary judgment

in favor of the Army in an employment discrimination lawsuit raising, among other

things, claims under the Age Discrimination in Employment Act ("ADEA").  On

appeal, Hogue argues that the district court erred in granting summary judgment to the Army, and presents his arguments on what evidence in the record is credible. After careful review, we affirm.[1]

We review de novo a district court's grant of summary judgment, considering the facts and drawing all reasonable inferences in the light most favorable to the non-movant. Melton v. Abston, 841 F.3d 1207, 1219 (11th Cir. 2016). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(a)). A "genuine issue of material fact" must have a real basis in the record and cannot be based upon a mere conclusion or unsupported factual allegations. Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). Although we construe pro se briefs liberally, "issues not briefed on appeal by a pro se litigant are deemed abandoned." Timson, 518 F.3d at 874. Moreover, to obtain reversal of a district court judgment that is based on multiple,

---

[1] Although Hogue also brought a retaliation claim before the district court under the federal Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), (9), on appeal he has failed to do more than raise the issue in passing without presenting any legal arguments on their merits. Accordingly, any challenge to the dismissal of his WPA claim is abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Hogue also raises numerous claims -- some for the first time on appeal and others which were also raised below -- alleging violations of his Due Process rights by the Army, the court below, and the Equal Employment Opportunity Commission ("EEOC") investigator. The claims he raised below are raised on appeal without any supporting legal arguments, and thus they are abandoned. Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th Cir. 2012). We also decline to consider his claims raised for the first time on appeal. Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1249-50 (11th Cir. 2012).

independent grounds, an appellant must show that "every stated ground for the judgment against [it] is incorrect," and a failure to do so will lead to affirmance. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

Under the ADEA, it is unlawful for an employer to discharge an individual because of age. 29 U.S.C. § 623(a)(1); see also 29 U.S.C. § 631(a) (providing that the ADEA protects individuals who are at least 40 years of age). The ADEA applies to employment decisions in federal agencies. 29 U.S.C. § 633a(a).

A plaintiff may support his claim of age discrimination with either direct or circumstantial evidence. See Pace v. S. Ry. Sys., 701 F.2d 1383, 1388 (11th Cir. 1983). Where the plaintiff relies on only circumstantial evidence, we employ the burden-shifting analysis from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). "Under the McDonnell Douglas framework, a plaintiff must first create an inference of discrimination through [his] prima facie case." Trask v. Sec., Dep't of Veterans Affairs, 822 F.3d 1179, 1191 (11th Cir. 2016). To establish a prima facie case, the plaintiff must show: "(1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do

the job for which she was rejected." Kragor v. Takeda Pharm. Am., Inc., 702 F.3d 1304, 1308 (11th Cir. 2012) (quotation omitted).

If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. Id. If the defendant proffers a legitimate, nondiscriminatory reason for taking the challenged action, the plaintiff must then show that the proffered reason really is a "pretext" for discrimination. Brooks v. City Comm'n of Jefferson Cty., Ala., 446 F.3d 1160, 1162 (11th Cir. 2006) (quotation omitted). A reason is not a pretext for discrimination "unless it is shown both that the reason was false, and that discrimination was the real reason." Id. at 1163 (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993)). Pretext may be shown if the plaintiff demonstrates "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997).

On appeal, Hogue has not expressly challenged the district court's determination that he failed to present a prima facie case of disability discrimination under the ADEA or that the Army's reason for his termination was a pretext for discrimination. Accordingly, these claims are abandoned. Timson, 518 F.3d at 874. Moreover, because his failure to make out a prima facie case, or

4

show pretext, were independent grounds for the district court's ruling, a failure to challenge either on appeal warrants affirmance. See Sapuppo, 739 F.3d at 680.

But even if Hogue has implicitly preserved these issues on appeal, the district court did not err in determining that he failed to present a prima facie case of discrimination under the ADEA. Among other things, Hogue presented no evidence to the district court that a substantially younger person filled his position after his termination. See Kragor, 702 F.3d at 1308. While Hogue identified three individuals -- Robert Paisley, Sondra Duboise, and Genise Aragon -- who he claimed were younger than him and replaced him, nothing in the record supports his assertion that they were younger than him, or that they replaced him.

Finally, assuming, arguendo, that Hogue established a prima facie case, he also failed to establish that the Army's legitimate, non-discriminatory reasons for his termination were pretextual. Specifically, the Army presented evidence, including the testimony of Belinda Hilton, Hogue's direct supervisor, and the testimony of several co-workers, about an incident in which Hogue had acted disrespectfully towards Hilton and challenged her authority in front of the entire staff of the division where he worked. The Army further presented evidence that it had fired Hogue because of his insubordination against Hilton. Because Hogue presented no evidence rebutting this testimony, or giving the court any reason to doubt its credibility, there is no evidence that the reasons given for his termination

5

were false.  See Brooks, 446 F.3d at 1163; Combs, 106 F.3d at 1538.  Moreover,

the record reflects no evidence -- other than Hogue's own unsworn "beliefs" -- that

he was terminated because of his age.  Brooks, 446 F.3d at 1163-64.

**AFFIRMED**.